HARRIET WHEELER *versus* BUCHAN HASKINS.

An agent of another to sell real estate must account to the administratrix of his principal on demand, for the proceeds of the sale; if he does not so account, he is liable in damages.

The *measure* of damages is the amount for which the property was sold, and interest from the time when demand was made to account.

An agent's power of attorney ceases at the death of his principal.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

This was an action of ASSUMPSIT to recover three hundred dollars, alleged to have been received by the defendant for the sale of a certain lot of land in Bangor, as agent of the plaintiff's intestate.

After the evidence was out, the case was taken from the jury, and it was agreed that, if the Court thereupon, or upon that part of it which was legally admissible, or not objected

to, find that the plaintiff can recover, judgment may be rendered in her favor; the Court to assess damages as a jury might, otherwise the plaintiff to become nonsuit.

The facts in the case are stated in the opinion of the Court.

*Hilliard & Flagg,* for defendant.

1. The agency is admitted. The defendant had authority to act in the premises, not simply in selling and transferring the title, but in the mode of payment.

2. In this case no money ever came into defendant's hands. He acted with due caution in taking the obligation of Benjamin Wheeler.

3. The remedy is against Benjamin Wheeler.

*A. H. Briggs,* for plaintiff.

1. If the defendant, under his power of attorney, sold in good faith and according to his best skill and judgment, intending to act for the interest of his principal, then it was his duty to account to the administratrix in a reasonable time; and if he refused he would be liable for the value of the property sold. *Clark* v. *Moody & al.,* 17 *Mass.* 145.

2. If defendant did not sell in good faith, with prudence and skill, and with an honest intention, he would be liable.

3. If defendant sold in good faith and intended to account, it was inconsistent with his duty to sell as he did, and hence he is liable for the value of the property sold.

HATHAWAY, J.—Benjamin and Philander Wheeler were brothers, living in New Orleans. Philander owned a lot of land in Bangor, and, by his power of attorney of Sept. 13, 1839, the defendant was authorized to sell it, by virtue of which power, he sold and conveyed it to Benjamin Wheeler Aug. 14, 1844, (Benjamin being then in Bangor,) for three hundred dollars, as appears by the deed, and for which, the defendant states, that he received Benjamin's obligation of the same date, by which, after reciting that whereas he had bought the land for three hundred dollars, payable on demand, to Philander Wheeler, in New Orleans, he bound himself to

defendant, " to so satisfy the said Philander Wheeler, or if demanded by said Haskins, to deed back the said lot of land for the 'same sum," as appears by the obligation, which was introduced by the defendant in the case.

Before Benjamin left Bangor to return to New Orleans, Philander died, and his decease was known at Bangor, and, from the evidence, it can hardly be doubted that his death was known to both Benjamin and the defendant, before Benjamin left Bangor to return home. The plaintiff's counsel argues " that Philander was dead, and the defendant knew it, when he deeded to Benjamin."

If such were the fact, this action could not be maintained, for the defendant's power of attorney would have died with his principal, and the deed to Benjamin would have been void. The plaintiff, however, in her writ, alleged that the defendant was bailiff of Philander, and living, from September 14, 1839, to August 14, 1844, (the date of the deed to Benjamin,) and, if it were competent for the plaintiff to disprove the allegations in her writ, the case furnishes no evidence that he was not then living, nor how long he survived after that time, except that the news of his death arrived at Bangor while Benjamin was there, that season, and before he left there for New Orleans. And the *defendant* makes no question but that Philander was living when the deed to Benjamin was executed.

From the facts presented in the case, the Court must presume that Philander was living when that deed was executed by the defendant as his attorney.

The plaintiff was duly appointed administratrix, and, by Curtis, her attorney, made demand upon the defendant, to account for the purchase money of the land, which he refused to do, and, so far as the case discloses, has persevered in his refusal.

The plaintiff was the legal, personal representative of Philander Wheeler. The defendant had received the pay, or the evidence of indebtedness of Benjamin Wheeler for the land. Neither of them had accounted to Philander, in his life time, and it was the defendant's plain duty to account to the plain-

Wheeler *v.* Haskins.

tiff for the money or security in his hands, which he had received for the land, and which belonged to her, as the legal representative of Philander Wheeler. *Wilkins* v. *Wilkins*, 1 Salk. 9; *Clark* v. *Moody & al.*, 17 Maine, 145; *Hemenway* v. *Hemenway*, 5 Pick. 389.

It was more than four years after he sold the land, before he was called upon to account, and he then absolutely refused and persisted in his refusal. His statements, when called upon by Curtis, the plaintiff's agent, appear to have been disingenuous and evasive. The obligation, which he says he received for the land, is somewhat peculiar, when looked upon in the light of his subsequent conduct, and the circumstances of the sale.

The case is not destitute of evidence indicating that the conveyance was made in anticipation of the expected decease of Philander in a short time, and that the defendant's conduct, as Philander's agent in the matter, was not characterized by that perfect good faith to his principal, which the law requires.

Upon the whole evidence presented, the conclusion is inevitable, that the defendant's neglect and refusal to account were unreasonable and unjust, if not fraudulent, and that the plaintiff is entitled to recover.

It does not appear in the case, when the plaintiff was appointed administratrix, nor that the defendant knew she had been appointed, until the demand was made upon him; *hence*, he will be liable to pay interest *only* from the time when the demand was made, which Curtis testifies was a short time before the date of the writ. A "*short time*" is very indefinite.

The plaintiff is entitled to judgment for three hundred dollars and interest thereon from the date of the writ; and accordingly — *A default must be entered.*

TENNEY, C. J., and MAY, and GOODENOW, J. J., concurred.

APPLETON, J., did not sit.